## Brown v. Hoggson Brothers

*S. E. Bertolet*, for plaintiff; *C. W. Matten*, for defendant.

SHANAMAN, J., March 2, 1932.—Plaintiff, Lucille G. Brown, sued defendant, Hoggson Brothers, a corporation, for damages sustained by reason of a particle lodging in her eye as she walked past a building operation then under construction by defendant. The court directed a compulsory nonsuit, which plaintiff seeks to remove. Defendant had enclosed the operation by a board fence extending, at each end of the building, from the building line across the public sidewalk to the curb, and running at the curb along the full front of the premises. The fence was about 6½ feet high. Above it was a 2½-foot open break, and above that a roof supported by two posts. In the fence was an opening wide enough for the entry of a motor truck, which was kept closed when no work was going on, but open during working hours. A boardwalk for pedestrians, built outside the curb and on the roadway, led around the enclosure. A cement mixer was operated within the enclosure, into which the cement would be shaken from bags, during which dust and dirt would pour out through the driveway. Walking past, plaintiff turned her head to look in as she came to the driveway, and at that time a cloud of dust came up, and something flew in her eye. At the time, she saw a man shaking a bag within the enclosure, inside the building, about nine feet within the building line. A light wind was blowing, with a general direction from the plaintiff toward the cement mixer. She contends that dirt blew from the cement mixer or from the shaken bag to the sidewalk, and thence across the sidewalk and into her eye.

In Ellett *v.* Lit Brothers, Inc., 27 Dist. R. 760, 761, the court said: "In a large workroom devoted to a mechanical industry, located in the heart of a busy city, the presence of some perceptible dust, dirt or grit is inevitable and not inconsistent with the exercise of due care by an employer having a proper regard for the safety of his employees." From the mere happening of an accident, negligence cannot be presumed; that is to say, accidents do sometimes occur, and very unfortunate accidents, without anyone really having been at fault. "The burden of proof was on the plaintiff, not only to prove the accident, but also some specific act of negligence which caused it:" id., page 762. There was no evidence that the safeguards adopted by defendant were improper or unusual, or its methods particularly dangerous. Building operations, as well as manufacturing industries and steam transportation, necessarily involve the raising and dissemination of dust and dirt at times throughout the air, from which accidental injury to the human eye can, and unfortunately does, occasionally result. When such an accident occurs without negligence on the part of anyone, it is simply one of the perils of life. The law did not impose on the defendant the responsibility for the exercise of great care, or of a high degree of care, but

of simple reasonable care under the circumstance. We have not been shown wherein defendant failed to exercise such reasonable care, or just what particular act or omission of defendant, or of defendant's workmen, would have been respectively omitted or supplied by a reasonably prudent builder or workmen mixing cement under similar conditions.

And now, to wit, March 2, 1932, plaintiff's rule to take off compulsory nonsuit is discharged.                    From Charles K. Derr, Reading, Pa.